UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 24-cr-324-CKK |
| | : | |
| NICHOLAS TRAINA, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO COURT ORDER**

The Government previously extended a plea offer to the Defendant, Nicholas Traina, on August 13, 2024, under which he would plead guilty to entering or remaining in a room in any of the Capitol buildings in violation of 40 U.S.C. § 5104(e)(2)(C)(i) (Count Three) and disorderly and disruptive conduct in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four). That offer expired on October 29. The Government re-extended the same offer on November 7, 2024. Based on the discussion at the October 30 status conference, the Government respectfully submits this filing to apprise Mr. Traina of the potential penalties he faces under the plea agreement compared to potential penalties after convictions at trial.

A. Plea Agreement

Pursuant to the plea agreement, Mr. Traina would plead guilty to violating Count Three, 40 U.S.C. § 5104(e)(2)(C)(i), which carries a maximum sentence of six (6) months of imprisonment under 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years under 18 U.S.C. § 3561(c)(2); and a fine of not more than $5,000 under 18 U.S.C. § 3571(b)(6).

Mr. Traina would also plead guilty to violating Count Four, 40 U.S.C. § 5104(e)(2)(D), which carries an additional maximum sentence of six (6) months of imprisonment under 40 U.S.C.

§ 5109(b); a term of probation of not more than five (5) years under 18 U.S.C. § 3561(c)(2); and a fine of not more than $5,000 under 18 U.S.C. § 3571(b)(6).

The sentences imposed on Counts Three and Four may be made consecutive, that is, Mr. Traina could be sentenced up to the maximum sentence for Count Three in addition to the maximum sentence for Count Four. For example, pursuant to 18 U.S.C. § 3584(a), the sentence may include multiple consecutive terms of imprisonment up to a maximum of twelve (12) months of imprisonment. Alternatively, pursuant to 18 U.S.C. § 3561(a)(3), the sentence may include a term of imprisonment up to six (6) months and a term of probation not more than five (5) years.

Because 40 U.S.C. §§ 5104(e)(2)(C)(i) and 5104(e)(2)(D) are both class B misdemeanors, as defined by 18 U.S.C. § 3559(a)(7), the U.S. Sentencing Guidelines would not apply to the counts of conviction under the plea agreement. *See* U.S.S.G. 1B1.9.[1] Mr. Traina would also agree to pay $500 in restitution under the plea agreement.

B. **Convictions at Trial**

In addition to the potential penalties listed above for Count Three and Count Four, additional consequences may apply if Mr. Traina is convicted at trial of all charges, as set forth below. A conviction at trial for violating 18 U.S.C. § 1752(a)(1) (Count One) carries a maximum sentence of one (1) year of imprisonment under 18 U.S.C. § 1752(b)(2); a term of probation of not more than five (5) years under 18 U.S.C. § 3561(c)(2); and a fine of not more than $100,000 under 18 U.S.C. § 3571(b)(5).

---

[1] Mr. Traina may review the sentences of similarly situated defendants who have pled guilty to 40 U.S.C. § 5104(e)(2)(C)(i) and 40 U.S.C. § 5104(e)(2)(D) by using the following link: https://www.justice.gov/usao-dc/capitol-breach-cases. To reveal the sentencing table, click on the link "SEE SENTENCES HANDED DOWN IN CAPITOL BREACH CASES."

A conviction at trial for violating 18 U.S.C. § 1752(a)(2) (Count Two) carries a maximum sentence of one (1) year of imprisonment under 18 U.S.C. § 1752(b)(2); a term of probation of not more than five (5) years under 18 U.S.C. § 3561(c)(2); and a fine of not more than $100,000 under 18 U.S.C. § 3571(b)(5).

A conviction at trial for violating 40 U.S.C. § 5104(e)(2)(G) (Count Five) carries an additional maximum sentence of six (6) months of imprisonment under 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years under 18 U.S.C. § 3561(c)(2); and a fine of not more than $5,000 under 18 U.S.C. § 3571(b)(6).

The sentences imposed for Counts One, Two, Three, Four, and Five may be made consecutive pursuant to 18 U.S.C. § 3584(a), meaning that the sentence may include multiple consecutive terms of imprisonment up to forty-two (42) months of imprisonment. Alternatively, pursuant to 18 U.S.C. § 3561(a)(3), the sentence may include a term of imprisonment and a term of probation.

Moreover, if Mr. Traina is convicted at trial of Count One and Count Two, the U.S. Sentencing Guidelines would apply. The Government provides the following discussion of the sentencing guidelines for informational and comparative purposes only. Mr. Traina's guidelines range may change based on additional facts adduced at trial or new information coming to light.

1. Count One: 18 U.S.C. § 1752(a)(1)

The Statutory Appendix lists two potentially applicable guidelines for a Section 1752 offense: U.S.S.G. §2A2.4 (Obstructing or Impeding Officers) and §2B2.3 (Trespass). The Introduction to the Appendix states that, if "more than one guideline is referenced for a particular statute, use the guideline most appropriate for offense conduct." Here, U.S.S.G. § 2B2.3, which

3

applies to trespass offenses, is the most appropriate guideline for 18 U.S.C. § 1752(a)(1), which is essentially a trespass offense.

| Base Offense Level: | 4 | U.S.S.G. § 2B2.3(a) (trespass) |
|---|---|---|
| Special Offense Characteristic | +2 | U.S.S.G. § 2B2.3(b)(1)(A)(vii): the trespass occurred "at any restricted buildings or grounds." On January 6, 2021, the U.S. Capitol and its grounds were restricted because protectees of the United States Secret Service were visiting. *See* 18 U.S.C. § 1752(c)(1)(B). |
| Estimated Offense Level | 6 | |

2. Count Two: 18 U.S.C. § 1752(a)(2)

The Statutory Appendix lists two potentially applicable guidelines provisions for a Section 1752 offense: U.S.S.G. § 2A2.4 (Obstructing or Impeding Officers) and U.S.S.G. § 2B2.3 (Trespass). The Introduction to the Appendix states that, if "more than one guideline is referenced for a particular statute, use the guideline most appropriate for offense conduct." Here, U.S.S.G. § 2A2.4, which applies to impeding officers, is the most appropriate guideline for 18 U.S.C. § 1752(a)(2), which prohibits "disorderly or disruptive conduct." *See United States v. Nassif*, 97 F. 4th 968, 983 (D.C. Cir. 2024) (upholding application of U.S.S.G. § 2A2.4 because obstruction of officers is implicit in section 1752(a)(2) violation).

| Base Offense Level: | 10 | U.S.S.G. § 2A2.4(a) (Obstructing or Impeding Officers) |
|---|---|---|
| Estimated Offense Level | 10 | |

3. Grouping Analysis

Under U.S.S.G. §3D1.2(a) and (c), "closely related counts" group. Here, Counts One and Two are grouped ("Group One") because they involve the same harm and the same victim, namely, Congress. U.S.S.G. § 3D1.2(a). Group One has an offense level of 10 because Count Two, which has the highest offense level of Counts One and Two, has an offense level 10. *See* U.S.S.G. § 3D1.3(a). Accordingly, the total offense level is 10 (the "Estimated Offense Level").

4. Criminal History

Based upon the information now available to the Government, Mr. Traina has a state criminal conviction for loitering in 2014, which does not count for criminal history purposes under U.S.S.G. § 4A1.2(c)(2). Mr. Traina is therefore estimated to have zero criminal history points and his Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). A different conclusion regarding Mr. Traina's criminal convictions and/or criminal history points may be reached after the presentence investigation by the U.S. Probation Office.

If Mr. Traina does not receive any criminal history points as set forth above and after the presentence investigation by the U.S. Probation Office, he may be eligible for a two-level downward adjustment for certain zero-point offenders pursuant to U.S.S.G. § 4C1.1. The government reserves the right to oppose application of the criteria for an adjustment under this section.

5. Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, Mr. Traina's estimated guidelines range should he be convicted at trial of Count One and Count Two is 6 to 12 months (the "Estimated Guidelines Range"). In addition, pursuant to

U.S.S.G. § 5E1.2, should the Court impose a fine, at the Estimated Offense Level of 10, the estimated applicable fine range is $4,000 to $40,000.

If the Court determines that § 4C1.1 is applicable, based upon the revised Estimated Offense Level of 8 and the Estimated Criminal History Category 0, Mr. Traina's estimated guidelines range is 0 to 6 months. In addition, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at the Estimated Offense Level of 8, the estimated applicable fine range is $2,000 to $20,000. Mr. Traina has the right to ask the Court not to impose any applicable fine.

Finally, the Estimated Guidelines Range calculated above for convictions at trial on Count One and Count Two is not binding on the Probation Office or the Court, and the Court may depart upwards or downwards from the Estimated Guidelines Range.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   /s/ *Jake E. Struebing*
      Jake E. Struebing
      Assistant United States Attorney
      D.C. Bar No. 1673297
      U.S. Attorney's Office for the District of Columbia
      601 D Street, N.W.
      Washington, D.C. 20530
      Phone: (202) 252-6931
      Email:  Jake.Struebing@usdoj.gov